*1040 This is a Wunderlich Act review case that came to the court under Rule 163(b) on the parties’ cross-motions for summary judgment.
On review of the lengthy briefs submitted by the parties and of the asbca decision, we find that a number of complex issues are presented for resolution. The court is of the opinion that we need and should have the benefit of oral argument to further clarify and narrow the positions taken by the two sides. The case is unsuited for in-chambers disposition.
Under previous procedures, all the court would have to do when faced with this type of situation, would have been to return the case to the clerk with instructions to schedule the matter for oral argument. However, in view of the Federal Courts Improvement Act of 1982, 96 Stat. 25, and of the fact that the next date for oral argument available will be after October 1, 1982, the effective date of the 1982 Act, we cannot adopt this relatively simple course of action.
Rule 166 provides in pertinent part that "[a]ll motions under * * * Rule 163(b) will hereafter be considered dispositive motions suspending the reference to the trial judge.” Section 403(d) of the 1982 Act, 96 Stat. 58, provides in part that "[a]ny matter pending before a commissioner of the United States Court of Claims on the effective date of this Act, or any pending dispositive motion that the United States Court of Claims has not determined on that date, shall be determined by the United States Claims Court.” (Emphasis supplied). This case is essentially appellate in character, but we cannot deal with it as such.
If the case had been an appeal, the new court, The United States Court of Appeals for the Federal Circuit, would have had jurisdiction and oral argument could be scheduled for any time during the new term. See §403(a) of the 1982 Act, 96 Stat. 57-58. But, under Rule 166, the case is not an appeal.
Thus it appears that since oral argument is unavailable in this court, or in the succeeding one, we have but two options. One is to decide the motions without the benefit of oral argument, a course we do not choose to follow, or two, to refer the case to a trial judge under Rule 54(a). If the trial judge is unable to act on the case by October 1, 1982, it will *1041 pass to the new court, the Claims Court, and its options will depend on its rules and on those of the Court of Appeals for the Federal Circuit.
We adopt the Rule 54(a) option and refer the case to the referenced trial judge for his/her opinion and recommendation in the disposition of this case.
On October 29, 1982 the Claims Court granted plaintiffs motion for summary judgment, denied defendant’s motion for summary judgment, reversed the decision of the Armed Services Board of Contract Appeals, entered judgment on liability in plaintiffs favor, and remanded the case to the Board for determination of quantum.