per curiam:
This is a complex contract suit involving plaintiffs work under an arrangement between the Federal Republic of Germany and the United States Army Corps of Engineers. Defendant has moved for summary judgment on four grounds: (a) plaintiff lacks privity with the United States; (b) plaintiff has no implied contract in fact with the United States; (c) plaintiff is not a third-party beneficiary of the contract between the Federal Government and the Federal Republic of Germany; and (d) plaintiffs claim is barred by 28 U.S.C. §1502 (this court has no jurisdiction of claims "growing out of or dependent” on a foreign treaty). In response, plaintiff has renewed its motion to conduct discovery (pursuant to Rules 36 and 101) to enable it properly to state its claim[1] and asks (under Rule 101(g)) that defendant’s motion not be decided until such discovery is had. Plaintiff likewise opposes the Government’s motion.
After briefing by both sides and submission of the matter to the court, but before decision, plaintiff moved to refer (under Rule 54(a)) the pending motions for summary judgment and for discovery to the trial judge. The Government has filed no opposition to the motion to refer, and its time to do so has expired.
*859 As said in plaintiffs motion to refer, this is undoubtedly a complicated case that would benefit from oral argument, which can no longer be had by this court before the court’s termination. Towne Realty, Inc. v. United States, 230 Ct.Cl. 1039 (1982), recently took account of the impasse created by the Federal Courts Improvement Act of 1982, which creates a new court system as of October 1,1982, and does not allow dispositive motions (such as defendant’s motion for summary judgment) or procedural motions (of the type plaintiff has filed) to be carried over to the new United States Court of Appeals for the Federal Circuit. The Towne Realty case solved that dilemma by using present Rule 54(a) to refer that case to the trial judge.
We follow the same course for the case now before us. Without opposition from defendant, plaintiffs motion to refer is granted and the case is referred to the trial judge under Rule 54(a) for his opinion and recommendation in the disposition of defendant’s and plaintiffs motions (and if his decision is not rendered until October 1st or after, for his determination pursuant to section 403(d) of the Federal Courts Improvement Act of 1982).[2]
IT IS SO ORDERED.

 Before defendant filed its motion for summary judgment, plaintiff sought such discovery but the trial judge denied that motion as premature "without prejudice to later renewal after defendant’s answer or other responses have been filed as such.”

 Plaintiff has also moved for leave to file a reply memorandum in support of its discovery motions. The Government has not opposed this motion for leave to file. In this order, we also grant this motion for leave to file the reply memorandum.